UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>DEWEY CALVIN BAKER,<br>　　　　Defendant. | Case No. 91-cr-20233-BLF-1<br><br>**ORDER TO DEFENDANT NOTIFYING HIM OF HIS RIGHTS BEFORE THE COURT CONVERTS HIS MOTION INTO ONE BROUGHT PURSUANT TO 28 U.S.C. § 2255**<br><br>[Re: ECF 197] |

　　　　Defendant Dewey Calvin Baker, proceeding pro se, has filed with this Court a "Motion for Correction or Modification of Sentence Pursuant to Rule 60(b)(5)(6)(d)(1) of the Federal Rules of Civil Procedure." *See* ECF 197 ("Mot."). In this Motion, Mr. Baker states that his motion "falls within this Court's purview per the [Federal Rules of Criminal Procedure] 35 [and] 36" as well as per 18 U.S.C. 3664, which governs enforcement of restitution orders. *See, e.g.*, Mot. at 1.

　　　　Mr. Baker is asking this Court to vacate, set aside, or correct part of his sentence. Specifically, he argues that the federal government's extension of the time period for which he must pay restitution to his victims violates the *ex post facto* clause of the United States Constitution, because it wrongfully retroactively applies the terms of the Mandatory Victim Restitution Act, not in force at the time Mr. Baker was sentenced, to his original restitution order. *See* Mot. at 3. Since Mr. Baker is a federal prisoner, such a motion is properly brought under 28 U.S.C. § 2255.

　　　　In this Circuit, it has long been the rule that a Court should not convert a pro se defendant's motion into a motion brought under Section 2255 without first giving the defendant notice it is doing so, and providing defendant an opportunity to withdraw and refile his motion or consent to such a conversion. *See, e.g.*, *United States v. Seesing*, 234 F.3d 456, 462-64 (9th Cir. 2000)

(adopting the Second Circuit's procedure for notice in *Adams v. United States*, 155 F.3d 582 (2d Cir. 1998)). This is to benefit the pro se defendant: under the terms of the Antiterrorism and Effective Death Penalty Act, or AEDPA, prisoners are strictly limited in their ability to file *successive* Section 2255 motions. AEDPA bars a prisoner from filing a second or successive motion under 2255 unless it is based on "newly discovered evidence" or "a new rule of constitutional law . . . that was previously unavailable." 28 U.S.C. § 2255. Thus, if a Court converts a pro se defendant's motion as one brought under Section 2255, without giving the defendant notice it is doing so, the defendant could lose his rights. *See Adams* at 583 ("The court's act of conversion . . . under AEDPA's new law [could] become extraordinarily harmful to a prisoner's rights.").

The Supreme Court has held, in *Castro v. United States*, 540 U.S. 375 (2003), that a court that wants to recharacterize a motion as one brought under Section 2255 must:

> [N]otify the pro se litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

*Castro*, 540 U.S. at 383.

Thus, the Court HEREBY NOTIFIES Defendant that it intends to construe his motion to be one brought under Section 2255, and ORDERS Defendant to file a response with the Court **selecting one** of the following options:

1. The Court may construe Defendant's motion as one brought under Section 2255 and, since the Motion is fully-briefed, adjudicate Defendant's claims. **Defendant recognizes that by selecting this option he may be limiting his right to file a second or successive Section 2255 motion.**

2. Defendant, recognizing that the Court will construe his claim for relief as one brought under Section 2255, wishes to WITHDRAW AND AMEND his motion so it contains all of the Section 2255 claims he believes he has. Defendant recognizes that, if he files a second motion seeking to amend or correct his sentence, that the Court WILL CONSTRUE such a motion

2

to be brought under Section 2255, and that Defendant **may be limiting his right to file a second or successive Section 2255 motion on any claims not included in his amended motion.**

Defendant is ORDERED to file a one-page response to the Court selecting either Option 1 or Option 2 listed above. If Defendant selects Option 1, the Court will adjudicate his motion as briefed. If Defendant selects Option 2, the Court will terminate the currently-filed motion and provide him with a schedule under which he may file his amended motion.

Defendant's response is due NO LATER THAN JANUARY 23, 2015. If Defendant does not respond to this Order, the Court will assume that he has selected Option 1, and will adjudicate his motion as filed. *See Castro* at 384 (describing the notice provided by the Court as serving a "warning" to the pro se defendant about his rights).

**IT IS SO ORDERED.**

Dated: December 19, 2014

_____
BETH LABSON FREEMAN
United States District Judge