# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DEWEY C. BAKER,<br><br>Defendant. | Case No. 91-cr-20233-BLF-1<br><br>**ORDER DENYING DEFENDANT'S REQUEST FOR RELIEF FROM RESTITUTION**<br><br>[Re: ECF 208] |

Before the Court is Defendant Dewey C. Baker's request for relief from making restitution payments. Mot., ECF 208. The Government opposes Mr. Baker's request. The Court has considered all submissions filed by the parties in support or opposition to the motion, the relevant portions of the record, and the applicable law. For the reasons discussed below, the Court DENIES Mr. Baker's request.

## I. BACKGROUND

Mr. Baker pled guilty to three counts of bank robbery with a dangerous weapon, 18 U.S.C. § 2113(a), (d); one count of unarmed bank robbery, 18 U.S.C. § 2113(a); one count of armed post office robbery, 18 U.S.C. § 2114; three counts of use/carry of a firearm during a crime, 18 U.S.C. § 924(c)(1); and one count of felon in possession of a firearm, 18 U.S.C. § 922(g). ECF 107. On December 9, 1992, the court sentenced Mr. Baker to a total term of incarceration of 345 months. ECF 115, 116. The sentence also required Mr. Baker to pay restitution in the amount of $21,086. Opp'n 2, ECF 210.

Mr. Baker was released from the Bureau of Prisons ("BOP") in 2016, and has since been supervised by the U.S. Probation Office in the Central District of California. *Id.* Mr. Baker reported to his probation officer that he would be receiving $2,900 in veterans benefits ("VA benefits") every month, beginning in January 2017. Mem. from U.S. Probation Office 1 (April 27,

United States District Court
Northern District of California

1    2017). Additionally, Mr. Baker had approximately $8,500 in savings while in the BOP. *Id.* Mr.

2    Baker is expected to pay $400 per month in rent plus living expenses. *Id.* Based on the

3    assessment of Mr. Baker's ability to pay, he and his probation officer reached an informal

4    agreement to pay $100 per month toward the restitution balance. *Id.* In February 2017, Mr. Baker

5    reported to his probation officer that he was having difficulty getting his VA benefits, so his

6    probation officer advised Mr. Baker that he could pay $25 per month until he began receiving his

7    benefits. *Id.*

8         On February 9, 2017, Mr. Baker filed a letter with the Court. Mot. In the letter, Mr. Baker

9    states that he is surviving on VA benefits and does not expect to have any other source of income

10   in the future. *Id.* at 2. Mr. Baker contends that he should be excused from further restitution

11   payments because liens and attachments cannot be made on veteran benefits. *Id.* The

12   Government disagrees, and argues first that it is not using a legal process to obtain the restitution

13   from Mr. Baker's VA benefits, and thus, Mr. Baker's argument lacks merit. Opp'n 2. The

14   Government further contends that even if it were to impose a lien or attachment on Mr. Baker's

15   VA benefits, the law permits it to do so. *Id.* The Court now considers Mr. Baker's request.

16   **II.    ANALYSIS**

17        An order of restitution is a lien in favor of the United States on all property and rights to

18   property of the defendant. 18 U.S.C. § 3613(c). Further, an order of restitution may be enforced

19   by the United States in the same manner that the United States recovers fines or "by all other

20   available and reasonable means." 18 U.S.C. § 3664(m)(1)(A)(i). Accordingly, the Court cannot

21   agree that the Government is not using a legal process to obtain the restitution. The Court must

22   thus determine whether the Government may impose a lien or attachment on Mr. Baker's VA

23   benefits.

24        Although Mr. Baker does not cite any authority in his motion, in his reply he makes plain

25   that his claim relies on 38 U.S.C. § 5301.[1] Reply ISO Mot. ("Reply") 2, ECF 214. Mr. Baker

26   asserts that pursuant to section 5301, his VA benefits are exempt from collection by the

27

28
_____

[1] Mr. Baker incorrectly cites this statute as 18 U.S.C. § 5301.

1  Government for the purposes of restitution.  Mot. 2; Reply 2.

2      Section 5301(a)(1) states in pertinent part:

3          Payments of benefits due or to become due under any law
           administered by the Secretary shall not be assignable except to the
4          extent specifically authorized by law, and such payments made to,
           or on account of, a beneficiary shall be exempt from taxation, shall
5          be exempt from the claim of creditors, and shall not be liable to
           attachment, levy, or seizure by or under any legal or equitable
6          process whatever, either before or after receipt by the beneficiary.
           The preceding sentence shall not apply to claims of the United
7          States arising under such laws....

8  38 U.S.C. § 5301(a)(1).  Although there is scant case authority interpreting this provision, the

9  statutory language plainly exempts claims by the United States.  *Id.*; *see also United States v. Poff*,

10 No. CR09-160, 2016 WL 3079001, at *4 (W.D. Wash. May 31, 2016);  *Metcalf v. United States*,

11 No. 12-518C, 2013 WL 1517821, at *4 n.5 (Fed. Cl. Apr. 15, 2013) (stating that Section

12 5301(a)(1) "eliminate[s] any bar to the Federal Government attaching or seizing VA benefits.");

13 *Funeral Fin. Servs., Ltd. v. United States*, No. 98 C 7905, 2000 WL 91919, at *2 n.1 (N.D. Ill. Jan.

14 18, 2000), *aff'd sub nom. Funeral Fin. Sys. v. United States*, 234 F.3d 1015 (7th Cir. 2000)

15 ("[T]he provision seems to exempt claims of the United States from the general ban on creditors

16 making claims on the benefits.").  Thus, the exemption in Section 5301(a)(1) does not apply to the

17 Government's claim here.

18     In his reply, Mr. Baker asserts, citing 18 U.S.C. § 3613(b), that the restitution order is no

19 longer enforceable because it was entered more than 20 years ago.  Reply 1.  By requiring him to

20 continue making payments pursuant to the restitution order, Mr. Baker claims the Government is

21 wrongly applying the terms of the Mandatory Victim Restitution Act ("MVRA"), which was not

22 in force at the time Mr. Baker was sentenced.  *Id.*  Because Mr. Baker did not raise the issue in the

23 request presently before the Court, the Court requested the Government file a sur reply to respond

24 to this argument.  ECF 216.  As the Government points out in its sur reply, the Ninth Circuit

25 squarely addressed this issue in *United States v. Blackwell*, 852 F.3d 1164 (9th Cir. 2017), and

26 held that the MVRA properly applied to those sentenced before it was enacted.  United States'

27 Response to Def.'s Request to Set Aside Restitution Order Under 18 U.S.C. Section 3613(b), at 2,

28 ECF 218.  Accordingly, the Court finds Mr. Baker's argument meritless.  *See Blackwell*, 852 F.3d

at 1165 (applying MVRA to defendant sentenced in 1993).

Based on the foregoing, the Court DENIES Mr. Baker's request for relief from restitution payments. The Clerk shall file the Probation Officer's Memorandum dated April 27, 2017, under seal.

**IT IS SO ORDERED.**

Dated: May 30, 2017

BETH LABSON FREEMAN
United States District Judge